SAMUEL H. JONES v. ROBERT McKENNA.

BANKRUPROY. *Assignee, rights of.* Ordinarily, upon the fact being made known to the Court before final decree, and it not appearing that there are conflicting rights, it may be that an assignee in bankruptcy will be allowed to take the place of the bankrupt; but if he postpones the application until after the final determination, it becomes a matter of favor and not of right.

FROM SHELBY.

COOPER, J. delivered the opinion of the Court.

In these cases Robert McKenna, the successful litigant, was permitted to elect to take the property in dispute under the agreed decree in the first case, or, upon a waiver of his rights under that decree, to take a decree in the second case for money, and for a sale of the property in satisfaction thereof.

It now appears, by statements of counsel, that McKenna had conveyed away his interest in the land to a third person, under whom, by sub-conveyance, McKenna's daughter now claims the land, and that in 1878 McKenna was declared a bankrupt, and his property conveyed to an assignee. The daughter, through the nominal plaintiff, elects to take the land under the agreed decree.

Jones *v.* McKenna.

The assignee moves to be made a party complainant, and elects to take the money decree.

Pending this quarrel, the other litigants insist that as "it now appears that McKenna had conveyed the property before suit" was brought, they ought to be dismissed with costs.

Clearly, this Court cannot go outside of the record to decide upon the rights of the parties. Ordinarily, upon the fact being made known to the Court before final decree, and it not appearing that there are conflicting rights, it may be that an assignee in bankruptcy will be allowed to take the place of the bankrupt. But if he postpones the application until after the final hearing and determination of rights, it becomes a matter of favor, not of right. For, if brought forward sooner, persons having adverse claims would have been given an opportunity of asserting them before the title of the assignee could become vested. Clearly, too, no suggestion of the situation of the title to the land can affect an agreed decree.

Under the circumstances, we see no course left except to withdraw the election given by the opinion of this Court, and allow a decree to be entered declaring the legal rights of the parties as they appear of record.

The application of the assignee will be refused, but without prejudice to his right to assert his title in such mode as he may be advised.

Ordered accordingly.